# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| KATHLEEN C. MARTIN, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-2182 (RC) |
| | : | | |
| v. | : | Re Document No.: | 21 |
| | : | | |
| OMNI HOTELS MANAGEMENT CORPORATION, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

Plaintiff, Ms. Kathleen Martin, sued Defendant for injuries she sustained after tripping on a wrinkled floor mat in the lobby of Defendant's hotel. This Court granted Defendant summary judgment in August of 2016 because Ms. Martin failed to present sufficient, non-speculative evidence from which a reasonable jury could find that Defendant's negligence caused her to fall. Dissatisfied with that result, Ms. Martin timely filed a motion requesting that the judgment be altered or amended pursuant to Federal Rule of Civil Procedure 59(e). Because the Court does not identify a clear error in its prior opinion, and Ms. Martin may not now attempt to introduce previously available evidence, the Court denies her motion.

## II. BACKGROUND

The Court has previously described the facts of this case, *see generally* Mem. Op. (Aug. 30, 2016), ECF No. 20, and confines its recital here to the most relevant facts. Ms. Martin was staying at the Omni Shoreham Hotel in Washington, D.C., which is owned by Defendant Omni

Hotels Management Corporation (Omni). Mem. Op. at 1–2. Omni placed floor mats in the lobby as required by the weather. Mem. Op. at 5. In 2014, after several days of rain, Ms. Martin tripped and fell while walking over a wrinkled floor mat in the lobby. Mem. Op. at 2, 5. The fall broke Ms. Martin's arm and inflicted several other injuries, causing Ms. Martin to be hospitalized. Mem. Op. at 2. Ms. Martin's fall—and several wrinkles present in the mat at that moment—were captured by the hotel's video recording system, but only the portion of the video immediately surrounding the fall was preserved. *See* Mem. Op. at 2, 22. Ms. Martin's travelling companion also photographed the mat shortly after the fall, capturing the wrinkles. Mem. Op. at 2. The mat itself was preserved.[1] *See* Mem. Op. at 3.

Ms. Martin asserts that the wrinkles in the mat caused her to trip, which Omni has not thus far contested. Mem. Op. at 2. Rather, the dispute and this Court's prior opinion centered on whether Ms. Martin had presented sufficient evidence from which a reasonable jury could conclude that Omni had deviated from the applicable standard of care. Ms. Martin offered two alternative theories: first, that Omni laid the mat with the wrinkles present; or second, that Omni received either actual or constructive notice of the development of the wrinkles and failed to correct them prior to Ms. Martin's fall. Ms. Martin presented no direct evidence of when the mat was laid, the mat's condition when laid, or when the wrinkle formed in the mat. Instead, both of Ms. Martin's theories rely on the testimony of her expert, Lawrence Dinoff.[2]

---

[1] When Ms. Martin's expert examined the mat several years after her fall, it was not in a wrinkled condition. Her expert suspected that the mat provided for his inspection may not have actually been the same mat that Ms. Martin tripped on. However, the Court need not resolve whether it was, in fact, the same mat as both parties agree that it shared the same characteristics as the mat. *See* Mem. Op. at 3 n.1.

[2] Mr. Dinoff has more than twenty years of involvement in creating standards for walking surfaces, in addition to architecture and engineering degrees. Dinoff Dep. 54:11–55:20.

Mr. Dinoff examined the mat and briefly manipulated it. Mem. Op. at 3–4. Mr. Dinoff testified that the mat was "heavy enough" and "thick enough" that it had "short-term memory." Dinoff Dep. 51:3–12, ECF No. 14-3. This memory meant that the mat did not easily change states between flat and wrinkled. *See* Dinoff Dep. 51:12–15. This conclusion was not challenged in the Court's prior opinion. Mr. Dinoff went further and testified that it was his opinion that the mat would require "hours and hours, if not days and days" to form wrinkles. Dinoff Dep. 126:17–127:3. When asked for the basis of his opinion that it would take at least hours to create a wrinkle in the mat, Mr. Dinoff answered that it was based on "[t]he nature of the mat." Dinoff Dep. 127:6–12. When asked how long the memory of the mat was, Mr. Dinoff said he did not know, except that it was longer than the fifty-seconds shown in Omni's video. Dinoff Dep. 51:16–52:3.

This conclusion by Mr. Dinoff that the mat would take, at least, hours to develop a wrinkle formed the nucleus of the dispute between the parties at summary judgment. The conclusion that the time required for a wrinkle to form provides the crucial link in both of Ms. Martin's theories because it would permit a jury to infer that the mat was either laid with the wrinkle or that the wrinkle was present for a long enough time prior to Ms. Martin's fall that Omni would have developed constructive knowledge of the wrinkle. *See also* Dinoff Dep. 110:1–14 ("[It is] my opinion that [the wrinkle] was present from the time the mat was first placed on [the] floor."); Dinoff Dep. 124:15–18 ("[I]t is my opinion that this is the way [the mat] was when it was put down.").

This Court previously concluded that, because "Mr. Dinoff does not provide any factual foundation for his opinion that it would have taken a very lengthy period of time to form such wrinkles," "[t]he record contains no evidence from which a jury could reasonably infer—without

resorting to speculation—that the mat was necessarily wrinkled at the time it was laid or that an alternative type of disturbance could not have formed wrinkles that would be retained by the mat's short term memory." Mem. Op. at 16. Ms. Martin now challenges this conclusion through her Rule 59(e) motion.

### III. LEGAL STANDARD

Rule 59(e) permits a court to "alter or amend a judgment" in rare circumstances.[3] Fed. R. Civ. Pro. 59(e). Motions under Rule 59(e) are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (quoting *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). A Rule 59(e) motion is granted at the district court's discretion, and "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and citation omitted); *see also Solomon v. Univ. of S. Cal.*, 255 F.R.D. 303, 304 (D.D.C. 2009).

Relief under Rule 59(e) is not appropriate when the moving party seeks to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Niedermeier*, 153 F. Supp. 2d at 28 (citation and internal quotation marks omitted); *see also Turner v. U.S. Capitol Police*, No. 12-45, 2014 WL 169871, at *1 (D.D.C. Jan. 16, 2014). The party seeking reconsideration bears the burden of establishing that relief is

---

[3] Rule 59(e) also requires that the motion be filed within twenty-eight days after the entry of judgment, a condition which is satisfied here.

4

warranted. *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 226 (D.D.C. 2011).

## IV. DISCUSSION

Ms. Martin claims that Rule 59(e) relief is appropriate due to the "manifest injustice resulting from the dismissal of her case due to unchallenged evidence of Mr. Dinoff's expertise." Pl.'s Reply Def.'s Opp'n Mot. Recons. (Pl.'s Reply) at 2, ECF No. 23. In addition, Ms. Martin seeks to supplement the record with an additional affidavit explaining the basis for Mr. Dinoff's opinion that the mat would take hours to wrinkle. *See* Suppl. Aff., ECF No. 21-3, Ex. 2. Because this evidence was previously available, the Court does not consider it. The Court then considers whether its prior grant of summary judgment creates manifest injustice, and concludes that it does not.

### A. Mr. Dinoff's Supplemental Affidavit Is Barred as Previously Available

Ms. Martin seeks to add a new explanation of Mr. Dinoff's methods and the basis for his opinion to the record. *See generally* Suppl. Aff. Although Rule 59(e) provides an avenue for a district court to consider newly available evidence, the supplemental affidavit is not newly available. Newly available evidence is "evidence that is newly discovered or previously unavailable despite the exercise of due diligence." *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 29 (D.D.C. 2001). Newly available evidence excludes "relevant facts . . . known by the party prior to the entry of judgment [where] the party failed to present those facts." *Id.* (collecting cases); *see also S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 15 (D.D.C. 2010) (denying

5

movant Rule 59 relief because "[t]he evidence [the movant] alludes to is not newly available; it is simply newly received [by the court].").[4]

Here, whether or not the facts and arguments in Mr. Dinoff's supplemental affidavit were previously assembled in that form, they were available to Ms. Martin. The contents of the supplemental affidavit explain facts that occurred prior to Ms. Martin's motion for summary judgment. Mr. Dinoff was retained by Ms. Martin, and any elaboration on the methods he used to reach his conclusion would thus have been available to her during the initial summary judgment briefing. Therefore, the supplemental affidavit cannot come in as newly discovered evidence. *See Niedermeier*, 153 F. Supp. 2d at 28 (holding that Rule 59(e) does not permit a movant to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." (citation and internal quotation marks omitted)); *see also Turner v. United States Capitol Police*, No. 12-45, 2014 WL 169871, at *1 (D.D.C. Jan. 16, 2014).

Ms. Martin appears to argue that she should be able to introduce the foundation for Mr. Dinoff's opinion now because "defense counsel" did not "ask the obvious follow-up question regarding how Mr. Dinoff knows that a mat's construction or weight can affect the formation of a wrinkled edge." Mem. P. & A. Supp. Pl.'s Mot. Recons. (Pl.'s Mot.) at 2, ECF No. 21-1; *see also* Def. Opp'n Pl.'s Mot. Recons. (Def.'s Opp'n) at 1; Pl.'s Reply at 1 (referring to the basis for Mr. Dinoff's opinion as "not specified before because it was never disputed"); *cf.* Pl.'s Reply at 1 ("[T]he Motion addresses the Court's *sua sponte* finding that Lawrence Dinoff's expert opinion

---

[4] Nor could this new evidence come in under the Rule 59(e) provision for "manifest injustice," because "[m]anifest injustice does not exist where . . . a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered." *Davis v. District of Columbia*, 413 F. App'x 308, 311 (D.C. Cir. 2011).

6

lacked a factual or methodological underpinning.").[5] However, whether Omni vigorously questioned Ms. Martin's expert is irrelevant to the Rule 59 standard for newly discovered evidence. No amount of laxity by Omni would serve to make the basis for Ms. Martin's own expert's opinion unavailable to her.

Furthermore, Omni *did* challenge the lack of foundation for Mr. Dinoff's opinions at summary judgment. Ms. Martin's opposition to Omni's motion for summary judgment acknowledged that "Omni characterizes Mr. Dinoff's opinions as speculative" and devoted several pages to defending his opinions. Pl.'s Mem. P. & A. Opp'n Def.'s Mot. Summ. J. at 10, 7–10, ECF No. 16. At his deposition, Omni specifically asked Mr. Dinoff for the basis of his opinion, *see* Dinoff Dep. 127:4–5, but received only a vague reply.

### B. Rule 59(e) Relief Is Unwarranted

As discussed above, the Court concludes that it need not consider Ms. Martin's newly presented evidence. Without that evidence, the Court turns to whether it should alter or amend its

---

[5] Ms. Martin also appears to suggest that *sua sponte* summary judgment by the Court was improper. Although, as discussed above, this Court's grant of summary judgment was not *sua sponte* because Omni challenged the sufficiency of Mr. Dinoff's opinion, this Court had the authority to grant summary judgment *sua sponte* if necessary.

Courts may grant summary judgment *sua sponte* "so long as the losing party was on notice that [he or] she had to come forward with all of [his or] her evidence." *Grosdidier v. Chairman, Broad. Bd. of Governors*, 774 F. Supp. 2d 76, 117 (D.D.C. 2011) (internal quotation marks and citation omitted), *aff'd in part*, 709 F.3d 19 (D.C. Cir. 2013). Omni moved for summary judgment "because Plaintiff is unable to establish that Omni had actual or even constructive notice" of the wrinkle and asserted that "it is likely that the alleged hazardous condition in the Subject-mat was created when it was disturbed by a hotel guest after it was placed in the Parkview Lobby" and challenged Ms. Martin's "inability to provide anything more than speculation to prove that Omni had notice." Def. Statement P. & A. Supp. Mot. Summ. J. at 9–10, ECF No. 14. This put Ms. Martin on notice that she must come forward with sufficient evidence to demonstrate a genuine issue of material fact as to each element of her claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *cf. Grosdidier*, 774 F. Supp. 2d at 118 ("[W]here a defendant moves for summary judgment as to all essential elements of a plaintiff's claim, the plaintiff is on notice of the need to present affirmative evidence in support of each of those elements.").

previous judgment on the grounds of clear error or manifest injustice.[6] *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (holding that Rule 59(e) relief is appropriate when "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal quotation marks and citation omitted)).

Ms. Martin argues that manifest injustice is present because the Court found that Mr. Dinoff lacked an adequate basis for his opinion that a wrinkle would require hours to form, despite Mr. Dinoff's "unchallenged" expertise. Pl.'s Mot. at 2; Pl.'s Reply at 2. "The standard of proving manifest injustice is . . . high," *Roane v. Gonzales*, 832 F. Supp. 2d 61, 66 (D.D.C. 2011) (quoting *In re Motion of Burlodge Ltd.*, No. 08-525, 2009 WL 2868756, at *7 (D.D.C. Sept. 3, 2009)), and that standard is not satisfied here.

First, the Court identifies no error or manifest injustice in its previous conclusion that Mr. Dinoff lacked an adequate basis for his opinion that a wrinkle would require hours to form. According to Ms. Martin, Mr. Dinoff's deposition statement that "[a] mat of this construction will not take on new shapes in a short period of time" provides the foundation. Pl.'s Mot. at 2. However, this statement merely restates Mr. Dinoff's opinion. It does not provide any factual or methodological reasons for Mr. Dinoff's conclusion. *See also* Dinoff Dep. 125:4–7 (stating Mr. Dinoff's opinion that a "heavy mat" would not form "transitory wrinkles" without providing a factual or methodological foundation). The Court is unaware of anything in the existing record explaining how Mr. Dinoff concluded that the mat would require hours or days to take on a new

---

[6] Nor would any other ground permit Rule 59(e) relief because Ms. Martin does not identify any intervening change in the controlling law and this Court has already rejected Ms. Martin's attempts to present new evidence.

8

shape. Indeed, Mr. Dinoff stated that he "didn't do testing of ways to make this mat ripply."[7] Dinoff Dep. 59:6–12.

In this circuit, a party cannot avoid summary judgment when it offers an expert opinion that is speculative and provides no basis in the record for its conclusions.[8] *See City of Moundridge v. Exxon Mobil Corp.*, No. 04-940, 2009 WL 5385975, at *11 (D.D.C. Sept. 30, 2009) ("[A] party may not avoid summary judgment solely on the basis of an expert's opinion that fails to provide specific facts from the record to support its conclusory allegations." (quoting *New York State Ophthalmological Soc. v. Bowen*, 854 F.2d 1379, 1391 (D.C. Cir. 1988))), *aff'd*, 409 F. App'x 362 (D.C. Cir. 2011); *Crystal Prods., Inc. v. Doc Severinsen Orchestras*, No. 90-932, 1994 WL 507546, at *3 (D.D.C. Sept. 10, 1992) ("Where a party opposing summary judgment relies on expert opinion to support its position, summary judgment is nevertheless appropriate if the expert's opinion has no basis other than theoretical speculations." (citing *Merit Motors Inc. v. Chrysler Corp.*, 569 F.2d 666, 673 (D.C. Cir. 1977)).

Although the D.C. Circuit has not fully explained the boundaries of this standard, it has held that expert reports created a genuine issue of material fact to defeat a Rule 56 motion when the experts explained that their opinions were based on "the available scientific and

---

[7] The Court does not suggest that such a test is the *only* way Mr. Dinoff could have provided an adequate factual foundation for his opinion. Indeed, Mr. Dinoff offered an adequate, non-speculative basis for his conclusion that the mat had some level of short-term memory by (1) examining the mat and attempting to change its shape in the short term and (2) reviewing the video footage that showed wrinkles persisting in the mat over a short period of time. Mem. Op. at 14–15, ECF No. 20.

[8] The Court notes that the standard for granting summary judgment under Rule 56 is a distinct inquiry from whether expert testimony is admissible, and summary judgment under Rule 56 may therefore be proper "if the [expert] affidavits [are] not sufficient to create a genuine issue of material fact." *Ambrosini v. Labarraque*, 966 F.2d 1464, 1470 (D.C. Cir. 1992) (collecting cases). Thus, Ms. Martin's argument that Mr. Dinoff's techniques were "well established in the walkway-safety industry," Pl.'s Reply at 1, ECF No. 23, are inapposite.

epidemiological data . . . as well as a review of relevant medical records." *Ambrosini*, 966 F.2d at 1470–71. *Cf. Briggs v. Wash. Metro. Area Transit Auth.*, 481 F.3d 839, 848 (D.C. Cir. 2007) (granting the defendant summary judgment because the plaintiff's expert "offered only his own opinion in attempting to describe national standards that might be applicable to establish standards of care in this case"). Here, however, Mr. Dinoff's report and deposition did not explain the reasons for his conclusion at all, much less by reference to available scientific data, experimental results, or records. Unlike the experts in *Ambrosini*, Mr. Dinoff did not explain the scientific data on which his conclusion was based, leading to this Court's prior determination that his conclusions were not adequately supported.

Second, Mr. Dinoff's qualifications and expertise—unchallenged or not[9]—do not disturb this analysis. This Court did not grant Omni summary judgment because Mr. Dinoff lacked expertise or was unqualified. Rather, as discussed above, even an otherwise qualified expert must still present an adequate basis describing how the expert reached the specific opinion at issue. Mr. Dinoff's separate expertise did not suffice to provide that basis. Furthermore, Mr. Dinoff's unchallenged expertise was already before the Court in this Court's prior opinion, and thus cannot justify reconsideration now. *See Turner v. Dep't of Interior*, No. 05-1543, 2007 WL 2982722, at *2 (D.D.C. Oct. 12, 2007) ("A motion for reconsideration will not be granted if a party is simply attempting to renew factual or legal arguments that it asserted in its original briefs and that were already rejected by the Court." (quoting *Pearson v. Thompson*, 141 F. Supp. 2d 105, 107 (D.D.C. 2001))). The Court thus declines to alter or amend its prior grant of summary

---

[9] To the extent that Ms. Martin seeks to argue that this Court could not address the flaws in Mr. Dinoff's analysis because Omni did not raise them, the Court has already rejected this argument *supra*.

10

judgment for Omni because Ms. Martin has not identified any cognizable basis for reconsideration under Rule 59(e).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 21) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: June 7, 2017                                           RUDOLPH CONTRERAS
                                                              United States District Judge